FILED

NOV 2 8 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  VM  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA L. ROS, <br><br> Plaintiff, <br> vs. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., <br><br> Defendants. | CASE NO. 12-CV-01929 BEN WVG <br><br> **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> [ECF No. 11] |

On November 21, 2012, Plaintiff Maria L. Ros ("Plaintiff") filed an emergency *ex parte* motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue ("Mot."). ECF No. 11. Plaintiff asks the Court to restrain Defendants from evicting her pursuant to any writ of possession issued in a state court unlawful detainer proceeding. Defendant Deutsche Bank National Trust Company ("Deutsche") has filed an opposition ("Opp'n"). ECF No. 12. Plaintiff has filed a reply ("Reply"). ECF No. 13. Because the federal Anti-Injunction Act prohibits this Court from interfering with the enforcement of a state court judgment, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff's residence in Chula Vista, California has been the subject of a long-running dispute between the parties involving extensive litigation. Deutsche contends it purchased the property at a foreclosure sale in 2008 and filed an unlawful detainer action in San Diego County Superior Court in March 2009. Opp'n 1. Plaintiff filed the present lawsuit in August 2012. ECF. No. 1. She asserts

several causes of action and challenges Deutsche's interest in the property. Mot. 3-5. Shortly after filing this Complaint, Plaintiff removed the still-pending unlawful detainer complaint, and attempted to consolidate it. This Court remanded the unlawful detainer action to state court for lack of jurisdiction. *Deutsche Bank Nat'l Trust Co. v. Ros*, No. 12-CV-01981, 2012 U.S. Dist. LEXIS 151038, at *2 (S.D. Cal. Oct. 18, 2012). The Superior Court rendered judgment for Deutsche on November 15th and directed the clerk to issue a writ of possession directing the San Diego County Sheriff to remove all occupants from the premises. Mot., Ex. B. Plaintiff asks this Court to stop the eviction. She contends that Deutsche's unlawful detainer action was premised upon on a false "Trustee's Deed Upon Sale," and that Deutsche "concealed said defect from the State Court." Reply 2.

## DISCUSSION

The Anti-Injunction Act prohibits a federal court from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "[T]he exceptions to the Anti-Injunction Act must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "It is settled that the prohibition of [the Act] cannot be evaded by addressing the order to the parties *or prohibiting utilization of the results of a completed state proceeding*." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) (emphasis added).

Plaintiff asks this Court to prevent enforcement of the state court's judgment. This the Court cannot do. See *Halajian v. Deutsche Bank Nat'l Trust Co.*, 12-CV-00814-AWI, 2012 WL 1833941, at *2 (E.D. Cal. May 18, 2012) (concluding that the court lacked the authority to postpone enforcement of a state court's unlawful detainer judgment); *Dancy v. Aurora Loan Servs.*, No. C 10-2602 SBA, ECF No. 27 (N.D. Cal. Nov. 2, 2010) ("a federal district court lacks the authority to interfere with or preclude enforcement of a judgment obtained in a [unlawful detainer] action"). The Court is not convinced any exception to the Anti-Injunction Act is applicable here. First, "there is no federal statute authorizing a district court to enjoin a state

unlawful detainer action." *Scherbenske v. Wachovia Mortgage, FSB*, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009). Second, an injunction does not appear "necessary in aid" of this Court's jurisdiction. "Courts have applied this second exception in only two scenarios: where the case is removed from the state court and where the federal court acquires in rem or quasi in rem jurisdiction over a case involving real property before the state court does." *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004). That a case may involve aspects of real property law is not, by itself, sufficient. *Id.* at 303 n.3. Third, an injunction is not necessary to protect or effectuate any judgment.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's requested relief.

**IT IS SO ORDERED.**

DATED: November ___, 2012

HON. ROGER T. BENITEZ
United States District Court Judge