```
                    FILED
               2013 JUN 28 AM 10: 19
            CLERK U  DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA

         BY_____DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA L. ROS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DOWNEY 2004-AR2; CENTRAL MORTGAGE COMPANY D/B/A CENTRAL MORTGAGE LOAN SERVICING COMPANY; U.S. BANK, NATIONAL ASSOCIATION; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　　　　Defendants. | CASE NO. 12-CV-1929 BEN WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS FILED BY DEFENDANTS DEUTSCHE AND CENTRAL MORTGAGE [ECF No. 3]**<br><br>**(2) GRANTING MOTION TO DISMISS FILED BY DEFENDANT U.S. BANK [ECF No. 5]** |

　　　This mortgage-related dispute is before the Court on motions to dismiss by: (1) Defendants Deutsche Bank National Trust Company as Trustee for Downey 2004-AR2 ("Deutsche") and Central Mortgage Company dba Central Mortgage Loan Servicing Company ("CMC"); and (2) Defendant U.S. Bank, National Association ("U.S. Bank"). (ECF Nos. 3 & 5.) The Court resolves both motions in this Order.

The thrust of Plaintiff's Complaint is that Deutsche, the "purported assignee" of her Note and Deed of Trust, in conjunction with CMC, the "purported substituted mortgage servicer[]" are, in reality, "third-party strangers to her mortgage loan . . . fraudulently enforcing a debt obligation in which they have no pecuniary[,] equitable or legal interest." (*Id.* ¶¶ 1, 78.) Plaintiff contends that her true creditor is U.S. Bank, the successor to her original lender. She asserts that judicial intervention is necessary "to stop Defendants'[1] fraudulent practices, establish a record as to the true holder in due course of the relevant Promissory Note . . . and determine the status of Defendants' claims." (*Id.*)

For the reasons stated below, the Court **GRANTS** both motions to dismiss.

## BACKGROUND[2]

### I. Recorded documents

In September 2004, Plaintiff Maria L. Ros obtained a home loan from Downey Savings and Loan Association, F.A. ("Downey S&L"). (Compl. ¶ 27.) The Note was secured by a Deed of Trust for real property in Chula Vista, California ("the Property"). (Complaint, Exh. A; Deutsche's RJN, Exh. 1.) The Deed identifies Downey S&L as the lender and beneficiary and DSL Service Company as trustee.

An assignment of the deed, purportedly executed on December 13, 2005, was recorded on December 29, 2005. (Compl., Exh. B; Deutsche's RJN, Exh. 2.) It represents that Downey S&L assigned the Note and Deed to Mortgage Electronic

---

[1] Typically, when Plaintiff uses the word "Defendants," she is referring to Deutsche and CMC. Although Plaintiff also names U.S. Bank as a defendant, she does not accuse it of any wrongdoing. U.S. Bank is named only in the first cause of action for declaratory relief.

[2] This factual background is compiled from Plaintiff's allegations and judicially noticed documents. Deutsche and CMC request judicial notice of nineteen documents. (Deutsche's RJN, ECF No. 3-1, Exhs. 1-19.) Eight are recorded property records and the rest are court filings. Similarly, U.S. Bank requests judicial notice of a trustee's deed upon sale that was filed in the San Diego County Recorder's Office. (U.S. Bank's RJN, ECF No. 5-2; McWhorter Decl. Exh. A.) Because all of these documents are public records, they are a proper subject of judicial notice. *See, e.g., Knopp v. JP Morgan Chase Bank*, No. 12-CV-1428, 2012 U.S. Dist. LEXIS 131702, at *5 n.1 (E.D. Cal. Sept. 14, 2012) (citing Fed. R. Evid. 201). Both requests are **GRANTED**.

Registration Systems, Inc. ("MERS") as nominee for CMC, the assignee. More than two years later, on March 5, 2008, a notice of default and election to sell under the deed was recorded by CMC's agent. (Deutsche's RJN, Exh. 3.)

Two further deed assignments, purportedly executed on April 3, 2008, were recorded on Dec. 8, 2008. The first represents that MERS assigned "all beneficial interest" under the Deed to CMC. (Compl., Exh. C; Deutsche's RJN, Exh. 5.) The second represents that CMC assigned its interest to Deutsche. (Deutsche's RJN, Exh. 6.) Also purportedly executed on April 3, 2008, was a substitution of trustee. That document, recorded on April 21, 2008, substitutes MTC Financial Inc. dba Trustee Corps ("MTC Financial") in place of DSL as trustee under the Deed. (Compl., Exh. D; Deutsche's RJN, Exh. 4.)

On June 6, 2008, MTC Financial recorded a notice of trustee's sale. (Deutsche's RJN, Exh. 7.) On December 8, 2008, it recorded a trustee's deed upon sale (Deutsche's RJN, Exh. 8; U.S. Bank's RJN, Mcwhorter Decl., Exh. A.) The trustee's deed represents that Deutsche purchased the property for $426,000 at a public auction on Nov. 26, 2008.

## II.  Plaintiff's allegations

Plaintiff contends that the assignment records paint a false portrait of ownership. She contends that all attempts to transfer or assign her Note and mortgage were "void ab initio" and that Deutsche of CMC never acquired a valid interest and had no right to foreclose. (Compl. ¶¶ 71-73.) She contends that the original lender, Downey S&L, remained her creditor until November 2008, at which point her debt passed to U.S. Bank "by operation of a regulatory seizure of the original lender." (Id. ¶¶ 20, 31, 63, 71.) Despite this, she alleges, Deutsche and CMC, mailed her monthly bills, recorded a notice of default, and ultimately "caused to be executed" a trustee's deed upon sale that "purported to strip title to the property" from Plaintiff and give it to Deutsche. (Id. ¶ 97.)

Plaintiff's allegations are based on several related theories. As best the Court

can discern, she alleges: that Deutsche never acquired rights to the Note and Deed because they were not properly transferred into the Downey 2004-AR2 Trust by the "closing date" (*Id.* ¶¶ 28-33); that robo-signors fraudulently executed certain recorded documents to "paper[] the file" (*Id.* ¶¶ 1, 41-45, 57-71, 80-90); that any assignment by MERS would have separated the Note from the Deed, rendering both unenforceable (*Id.* ¶¶ 46-56); and that even if Deutsche acquired her loan, it has been paid in full by mortgage insurance payouts (*Id.* ¶¶ 21-22).

Plaintiff alleges that Deutsche and CMC defrauded her by collecting on her mortgage when they had no right to do so. "[D]uring the entire life of the mortgage loan," Plaintiff alleges, Deutsche and CMC "failed to properly credit payments made, incorrectly calculated interest on the account[], and failed to accurately debit fees, as these payments belonged to the true beneficiary of the Note and Mortgage, first Downey, and later U.S. Bank, National Association." (*Id.* ¶ 99.)

In 2012, Plaintiff's counsel wrote to Deutsche's attorney disputing "the validity of the debt your client sought or seeks to collect" and demanding documentation. (Compl. ¶ 95 & Exh. E.) Plaintiff characterizes the letter in the complaint as a "Qualified Written Request." (*Id.* ¶ 95.) Deutsche's attorney responded to the letter in writing, noting that the debt had been extinguished by the foreclosure sale more than three years earlier and that CMC was no longer servicing the account. (Compl. ¶ 96 & Exh. F.)

### III. Prior proceedings

The Property has been the subject of several court actions. In 2009, Plaintiff filed suit in state court, asserting a quiet title claim against Deutsche and "U.S. Bank Home Mortgage, as the successor in interest to Downey Savings and Loan Association, F.A." ("Ros I"). (Deutsche's RJN, Exh. 9.) The court sustained Deutsche's demurrer to the quiet title claim without leave to amend and later dismissed the case. (Deutsche's RJN, Exhs. 10 & 11.)

In 2011, Plaintiff brought a second state court action against, among others, Deutsche and CMC, for declaratory relief ("Ros II"). (Deutsche's RJN, Exh. 12.) The court sustained a demurrer and struck the complaint on collateral estoppel grounds. (Deutsche's RJN, Exh. 13.)[3]

Plaintiff and her husband briefly pursued similar adversary proceedings in bankruptcy court before filing the present action. (Deutsche's RJN, Exh. 14, 16, & 17.)

## IV. The instant case

Plaintiff commenced this action on August 6, 2012. She asserts claims for: (1) declaratory relief pursuant to the Declaratory Judgment Act; (2) negligence; (3) quasi-contract; (4) violation of the Real Estate Settlement Procedures Act ("RESPA"); (5) violation of the Fair Debt Collection Practices Act ("FDCPA"); (6) violation of California Business & Professions Code § 17200; (7) accounting; and (8) extortion pursuant to 18 U.S.C. § 1951(b)(2). Only the claim for declaratory relief is asserted against all three defendants—Deutsche, CMC, and U.S. Bank.

On November 21, 2012, Plaintiff moved for a temporary restraining order to prevent Deutsche from evicting her pursuant to a writ of possession issued in a state court unlawful detainer proceeding. (ECF No. 11.) The Court denied the motion. It concluded that the Anti-Injunction Act prohibits it from interfering with the enforcement of a state court judgment. (ECF No. 14.)

Now, Deutsche and CMC move to dismiss the Complaint for failure to state a claim upon which relief can be granted. (ECF No. 3.) U.S. Bank also moves to dismiss the claim against it. (ECF No. 5.) Plaintiff responded to both motions. (ECF Nos. 6 & 7.) Defendants replied. (ECF Nos. 8 & 9.) The Court resolves both motions to dismiss on the papers and without oral argument pursuant to Civil Local

---

[3] In what the Court presumes was an oversight, Deutsche and CMC only supplied the Court with the tentative order sustaining their demurrer in Ros II. A review of the state court docket shows that the court confirmed the tentative ruling by minute order. Plaintiff does not assert otherwise.

Rule 7.1.d.1.

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rules of Civil Procedure 8 sets forth the pleading requirements for the federal courts. Principally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). Detailed factual allegations are not necessary, but Rule 8 does call for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In evaluating a pleading under Rule 12(b)(6), a court accepts all material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *N. Star Int'l v. Az. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). A court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit," nor is it required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## DISCUSSION

Plaintiff claims jurisdiction under numerous federal statutes, however, the only proper basis for jurisdiction given the facts alleged is the general federal question statute, 28 U.S.C. § 1331.[4]  Four of Plaintiff's eight claims—declaratory

---

[4] As just one example, Plaintiff claims that the Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This is incorrect. While the Declaratory Judgment Act gave district courts the discretion to provide a type of relief that was previously unavailable, it did not "'impliedly repeal[ ] or modif[y]' the general conditions necessary for federal adjudication (e.g., a federal question or diversity of citizenship)." *Countrywide Home Loans, Inc. v. Morg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

relief, RESPA, FDCPA, and extortion— are grounded in federal law. Plaintiff contends that the Court has original jurisdiction over those causes of action and supplemental jurisdiction over the state law claims. Because a district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all claims over which it has original jurisdiction, the Court will address the federal claims first.

## I.   Declaratory Relief (first claim for relief)

Plaintiff's first claim for relief is for a judicial determination that Deutsche, CMC and the Doe Defendants "have no right or interest in Plaintiff's Note, Deed of Trust, or the Property" and that instead "these rights and interest" belong to U.S. Bank. (Compl. ¶ 118.) Plaintiff contends that without the requested relief, she will be improperly stripped of her interest in the Property and denied the opportunity to negotiate with her true creditor, conduct discovery, or discover "the true amount she still owes." (*Id.* ¶ 119.) Deutsche/CMC and U.S. Bank separately move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A.   U.S. Bank

U.S. Bank contends that the claim fails for the following reasons: (1) declaratory relief is not a viable cause of action against it; (2) the claim is time-barred and fails due to lack of tender; (3) Plaintiff has other adequate remedies at law; and (4) Plaintiff's request is moot. The Court agrees with the first point and need not reach the rest.

The Declaratory Judgment Act does not independently create a claim for relief. Its "operation 'is procedural only' in that it provides a remedy and defines procedure in relation to cases and controversies in the constitutional sense." *Ros*, 2013 U.S. Dist. LEXIS 87134, at *18 (citation omitted). In the absence of an "actual controversy," a court may not award declaratory relief. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). The test for identifying a justiciable

controversy is "whether 'there is substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of declaratory judgment.'" *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2005) (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

At this juncture, there is no actual controversy between Plaintiff and U.S. Bank. Plaintiff alleges that "a real and actual controversy exists as to the respective rights of the parties to this matter, including ownership of the Property, and the competing rights of the putative creditors"—but she alleges no wrongdoing by U.S. Bank or even an attempt by U.S. Bank to assert a competing right to the Property. For its part, U.S. Bank disavows "any interest in the underlying Loan." (U.S. Bank Reply at 1 n.1.) Simply put, U.S. Bank does not belong in the case.

For those reasons, the Court grants U.S. Bank's motion to dismiss. Because Plaintiff, when challenged to do so, failed to provide *any* factual basis for an actual controversy with U.S. Bank, it would be futile to grant leave to amend. Dismissal is with prejudice.

**B.    Deutsche/CMC**

Deutsche/CMC contend that the claim for declaratory relief fails because: (1) it is barred by the doctrine of collateral estoppel; (2) Plaintiff lacks standing to challenge the securitization of her loan; and (3) Plaintiff has not sufficiently pled an "actual controversy."[5] The Court agrees with the first point and need not reach the rest.

"Under the doctrine of collateral estoppel, a judgment in a prior action

---

[5] In footnote 2 of their Reply brief, Deutsche and CMC also assert that "all of Plaintiff's claims" are time-barred. The Court declines to address this argument. It is well-established that a district court need not consider arguments raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). "This rule applies with equal, if not greater, force to an argument raised for the first time in a footnote in the reply." *Mussetter Distrib. v. DBI Bev., Inc.*, 685 F. Supp. 2d 1028, 1031 n.2 (N.D. Cal. 2010).

between the same parties operates to preclude relitigation of those issues which were actually litigated and determined in the first action." *Carroll v. Puritan Leasing Co.*, 77 Cal. App. 3d 481, 490 (1978) (citation omitted). "[A] federal court considering whether to apply issue preclusion based on a prior state court judgment must look to state preclusion law." *McInnes v. California*, 943 F.2d 1088, 1092-93 (9th Cir. 1991). In California, the elements of collateral estoppel are as follows: "(1) the issue necessarily decided in the previous proceedings is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding." *Coscia v. McKenna & Cuneo*, 25 Cal. 4th 1194, 1201 n.1 (2001). An "issue," in collateral estoppel parlance, "includes any legal theory or factual matter which could have been asserted in support of or in opposition to the issue which was litigated." *Border Bus. Park, Inc. v. City of San Diego*, 142 Cal. App. 4th, 1538, 1566-67 (2006). Moreover, "for purposes of issue preclusion, as opposed to res judicata, final judgment includes *any* prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded preclusive effect." *Id.* at 1564 (citations and internal quotation marks omitted).

Ros I, Plaintiff's state court action against Deutsche and U.S. Bank Home Mortgage, included a cause of action to quiet title on the Property. In the operative complaint, Plaintiff alleged that "defendants claim an adverse interest in the property by way of an unlawful foreclosure." Plaintiff sought, among other things, "declaratory relief establishing their [sic] ownership of the property." (Deutsche's RJN, Exh. 9.) The court, after considering "the evidence and supporting and opposing motions," found good cause to sustain Deutsche's demurrer by order dated October 20, 2010. (Deutsche's RJN, Exh. 10.) The court dismissed the claim without leave to amend and eventually dismissed the case. Plaintiff does not appear

to have taken an appeal.

Ros II, Plaintiff's second action in state court, was styled as a complaint for declaratory relief. (Deutsche's RJN, Exh. 12.) Plaintiff alleged (as she does in the instant case) that Deutsche was never the holder of her Note and Deed and that no writing documented an assignment of the Note and Deed to a third party. The court sustained a demurrer on collateral estoppel grounds, reasoning that the sub-declarations Plaintiff sought—that Deutsche was not the holder of the Note, that Deutsche was not the successor to Downey S&L, that Deutsche had no rights under the Note or Deed, that Deutsche had no right to conduct the trustee's sale, that the trustee's sale was void, and that Deutsche did not own the Property—had been necessarily decided against Plaintiff in Ros I.

Plaintiff now asks this Court for essentially the same relief—a declaration that Deutsche and CMC have "no right or interest in Plaintiff's Note, Deed of Trust, or the Property" and that "these rights and interest" belong to U.S. Bank. (Compl. ¶ 118.) The claim is barred. As the court in Ros II explained, the elements of collateral estoppel are met. The rights between Plaintiff and Deutsche with respect to the Property were adjudicated in Ros I. Plaintiff was a party to both actions. This Court declines to act as a *de facto* appellate court and revisit those issues.

Plaintiff's arguments against preclusion are unavailing. First, she contends that "the facts set forth in the present complaint are completely different from the prior cases." However, she only points to one such fact—her allegation that U.S. Bank is her "true creditor." This argument is not well taken. Additional facts do not necessarily create new issues. "[O]nce an issue is litigated and determined, it is binding in a subsequent action notwithstanding that a party may have omitted to raise matters for or against it which if asserted might have produced a different outcome. In the absence of such a limitation, a party could relitigate an issue simply by framing a new theory to attack the prior determination. The policy of repose,

which is the basis for the doctrine of preclusion, would thereby be frustrated." *Carroll*, 77 Cal. App. 3d at 490 (internal citations omitted). The determination of Deutsche's rights in Ros I precludes Plaintiff from relitigating that issue here. At some point, litigation must end. Application of collateral estoppel in this case furthers the principles of finality and comity.

Plaintiff next asserts that preclusion is "irrelevant" at this stage of the litigation. Not so. A defendant may raise preclusion in a Rule 12(b)(6) motion to dismiss. *See, e.g., Ros v. U.S. Bank, Nat'l Ass'n*, No. 12-CV-1447, 2013 U.S. Dist. LEXIS 87134, at * 7 n.1.

Finally, Plaintiff contends that a demurrer is not an adjudication on the merits. Again, this argument is not well taken. *See Border Bus. Park, Inc.*, 142 Cal. App. 4th at 1564 (applying collateral estoppel to an order sustaining a demurrer). For those reasons, the Court dismisses Plaintiff's claim without leave to amend.

## II.     FDCPA (fifth claim for relief)

Because Plaintiff's FDCPA claim is based on the same issues as her claim for declaratory relief, it too is barred. In essence, Plaintiff alleges that Deutsche/CMC violated the FDCPA by collecting on Plaintiff's Note, foreclosing on the property, and pursuing unlawful detainer actions even though Deutsche had no interest in the Note and Deed. As the court recognized in Ros II, the issue of Deutsche's rights under the Note and Deed was decided in Ros I. Plaintiff cannot relitigate it here by framing it as a violation of federal law. Plaintiff's FDCPA claim is dismissed without leave to amend.

## III.    RESPA (fourth claim for relief)

Plaintiff's RESPA claim also fails. Plaintiff alleges that her attorney sent a Qualified Written Request ("QWR") to Deutsche on March 22, 2012 and that Deutsche failed to adequately respond.

RESPA requires "any servicer of a federally regulated mortgage loan" to

provide a written response and take other action if it receives a QWR for information about the servicing of the loan. 12 U.S.C. § 2605(e)(1)-(2). A QWR is a written correspondence that includes "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). To state a claim, a plaintiff must "specifically allege [she] sent, or Defendants received, a specific, written correspondence meeting RESPA's QWR requirements." *Tina v. Countrywide Home Loans, Inc.*, No. 09-CV-1233, 2008 U.S. Dist. LEXIS 88302, at *16 (S.D. Cal. Oct. 30, 2008).

The letter, sent years after the foreclosure sale, is attached to the complaint as Exhibit E. Deutsche contends that it was not a QWR. The Court agrees. RESPA applies to requests related to loan *servicing*, not loan ownership or validity. *See Ros*, 2012 U.S. Dist. LEXIS 137202, at *25-26; *Consumer Solutions Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (Plaintiff's letter was not a QWR when it "simply disputed the validity of the loan and not its servicing (e.g., not whether Saxon had failed to credit her for payments she made pursuant to the loan.")). In Exhibit E, Plaintiff's counsel announced that the purpose of his letter was to provide "notification that my client DISPUTES the validity of the debt your client sought or seeks to collect." The letter did not identify a servicing issue. It did not mention RESPA at all. It made only a broad request for "documentation of the purported debt" and a demand for compliance with the provisions of California Commercial Code § 3501. This is not a QWR. Plaintiff's attempt to affix that label at this late juncture is unpersuasive. The Court dismisses the RESPA claim with prejudice.

//
//
//

**IV.  Extortion (eighth claim for relief)**

Plaintiff's last federal claim is that Deutsche/CMC violated the Hobbs Act, 18 U.S.C. § 1951(b)(2). Section 1951 is a criminal statute for which no private cause of action exists. *See Wisdom v. First Midwest Bank*, 167 F.3d 402, 408-09 (8th Cir. 1999); *Rhodes v. Robinson*, No. 02-CV-05018, 2011 WL 6367746, at *10 (E.D. Cal. Dec. 19, 2011). Accordingly, the claim is defective as a matter of law. The Court dismisses it without leave to amend.

**V.  Supplemental Jurisdiction**

The Court, having dismissed the federal causes of action without leave to amend, declines to exercise supplemental jurisdiction over the remaining state law claims.

**CONCLUSION**

For the reasons stated above:

(1) U.S. Bank's motion to dismiss is **GRANTED**.

(2) Deutsche/CMC's motion to dismiss is **GRANTED**.

The clerk may close the case.

**IT IS SO ORDERED.**

DATED: June 27, 2013

HON. ROGER T. BENITEZ
United States District Court Judge